LOBRANO, Judge,
concurring.
The narrow issue in this case is whether due process is offended by a Louisiana court exercising personal jurisdiction over a Canadian insurer.
Jurisdiction over a non-resident can either be general or specific. Without giving a lengthy dissertation on the distinctions between the two, suffice it to say that I am of the opinion specific jurisdiction is applicable in this case. Where the forum state seeks to assert specific jurisdiction over an out-of-state defendant “the requirement of meaningful contacts is satisfied if the defendant has purposefully directed his activities at residents of the forum ... and the litigation results from alleged injuries that arise out of or relate to those activities.” de Reyes v. Marine Mgt. and Consulting, 586 So.2d 103 (La.1991) at 106. Once minimum contacts with the forum state have been established, a presumption arises that jurisdiction is reasonable and the burden shifts to the defendant to present compelling circumstances that would render jurisdiction unreasonable. Id. This is essentially a “fairness” test. Maintenance of the suit should not offend “traditional notions of fair play and substantial justice.”
The policy in question anticipates the insured’s use of the covered vehicle in the United States. At the time of the accident plaintiffs were residing in Louisiana. Subsequent to the accident, Wawanesa hired Frontier Adjusters of New Orleans as their local representative. The adjusting firm took statements and investigated the accident. It is apparent that Wawanesa intended to subrogate in its insured’s suit against the tortfeasor. In my opinion, the actions taken by Wawanesa with respect to the plaintiff’s accident, even though subsequent thereto, are sufficient to satisfy the minimum contact requirements of specific jurisdiction. Further, I find no evidence by Wawanesa which suggests that it would be fundamentally unfair for them to be subjected to the jurisdiction of a Louisiana court. Their policy anticipates the insured’s use of the vehicle in the United States.
I agree with the trial court, however, that service of process was insufficient. However, that can be cured by plaintiff complying with the international treaty requirements for service outside the United States.
For these reasons I would reverse the trial court and maintain personal jurisdiction over Wawanesa. I would remand with instructions to the trial court to allow sufficient time to perfect service.
JONES, Judge, concurring in result.
I respectfully concur in the results.